FILED
SEP 28 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

SA11CA0807 FB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Thomas F. Brown
Civil Action Number:

(Case Number to be supplied by the Intake Clerk)
v.
Alamo Community College District & Trustees
Linda Boyer-Owens
Bruce Leslie
Ed Contreras
Lori Manning
Argentina Wortham
Elizabeth Lewis
Patricia Villareal
Eric Reno
Cuihua Zhang
Laura Tull
Diane Beechinor
Patricia Herrmann

COMPLAINT
1. This action is brought by Thomas F. Brown, Plaintiff, pursuant to the following selected jurisdiction:
(Please select the applicable jurisdiction)
[ X ] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.) Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.
[ X ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (ADEA).
[ X ] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (ADA).
[ ] The Equal Pay Act (29 USC § 206(d)) (EPA).
[ ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2. Defendant[s]' business is located at:

Alamo Community College District
201 W. Sheridan
San Antonio, TX 78204

1

and

Northeast Lakeview College
1201 Kittyhawk
Universal City, TX 78148

3a. Plaintiff was employed by the defendant at:
Northeast Lakeview College
1201 Kittyhawk
Universal City, TX 78148

3b. At all relevant times of claim of discrimination, Defendant employed over one hundred employees.

4. Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint from August, 2006 through June, 2011.

5. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about July 30, 2010.

6a. The E.E.O.C. issued a Notice of Right to Sue which was received by plaintiff on or about July 5, 2011.

6b. Please indicate below if the E.E.O.C issued a Determination in your case:
[ X ] Yes (I believe so, but I am not exactly certain what this means.)
[ ] No

7. Because of plaintiff's:
(Please select the applicable allegation(s))
[ ] Race (If applicable, state race)
[ ] Color (If applicable, state color)
[ X ] Sex (gender, pregnancy or sexual harassment)
[ ] Religion (If applicable, state religion)
[ ] National Origin (If applicable, state national origin)
[ X ] Age (plaintiff is over 50)
[ X ] Disability (using wheelchair for mobility)
[ X ] Prior complaint of discrimination or opposition to acts of discrimination.
(Retaliation) (If applicable, explain events of retaliation)
Please see #8 below.

The defendant: (please select all that apply)
[ ] failed to employ plaintiff.

2

[ X ] terminated plaintiff's employment.
[ X ] failed to promote plaintiff.
[ X ] harassed plaintiff.
[ X ] other (specify)     Refused to provide reasonable disability accommodations; retaliated for requesting accommodations.

8a. State specifically the circumstances under which defendant, its agent, or employees discriminated against plaintiff PERSONALLY:

A. In January 2008, I requested that ACCD move a heavy computer cart to my classroom because I was unable to push the cart myself due to my disability. ACCD did not provide the requested accommodation. Instead, ACCD canceled my reservation for the computer cart and reduced my access to it. I will show at trial that this cancellation was in retaliation for my accommodation request.

B. In early 2008, I requested that one of the computer labs in a classroom building then in the planning stages be made wheelchair accessible. ACCD did not make this accommodation, and instead assigned me to teach in an inaccessible computer classroom from fall 2008 through fall 2010 and into spring 2011.

C. In fall 2009, I again requested that my computer classroom be made accessible, or that I be transferred to teach in an accessible computer classroom in another building. ACCD again did not make any accommodation and instead assigned me to the same inaccessible classroom.

D. In spring 2010, shortly after ACCD denied my second request for an accessible computer classroom, ACCD denied my applications for promotion and tenure and terminated my employment. I will show at trial that this adverse action and termination was ACCD's retaliation against me for having requested a disability accommodation. My performance evaluations had been consistently positive prior to this accommodation request.

E. I will show at trial that ACCD's adverse actions against me were also in retaliation for my stated opposition to ACCD's failure to provide other accommodations required by ADA, my stated opposition to ACCD's discrimination against other disabled students and faculty, and my stated opposition to ACCD's discrimination against female students.

F. I will show at trial that ACCD failed to build and operate its buildings and grounds according to ADA regulations. I will show that this constitutes discrimination under the ADA statutes. Examples will include inaccessible shuttle services, inaccessible track, refusal to move furniture and computer carts for disabled employees, and other examples that I can document when appropriate and necessary.

G. ACCD subjected me (and other disabled employees) to disparate treatment by requiring me to engage in physically strenuous activities not related to my job in fall 2009 without making accommodation for my disability, and by turning the elevators off at certain times

3

from fall 2006 forward.

H. I will show at trial that ACCD harassed and retaliated against me by subjecting me to disparate treatment and selective enforcement of policies after I made a charge of disability discrimination.

I. I will show at trial that ACCD also discriminated against me because of my age and sex.

8b. List any witnesses who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

Dr. Dawn McElmore and Javier Aguirre will testify that defendants refused to provide accommodations for disabled faculty.

Dr. Amy Glenn will testify that defendant Lewis routinely harassed and discriminated against disabled faculty.

The following witnesses will testify that plaintiff's performance evaluations were positive:
David Edwards, Professor, Senior Sociologist, San Antonio College
Nancy Saunders, Chair, Sociology Department, San Antonio College
Terri Slonaker, Sociology Instructor, San Antonio College
Shirley Bass-Wright, Chair, Behavioral Sciences Department, St. Philip's College
Mary Cottier, Dean of Arts and Sciences, St. Philip's College
Jason Fabianke, Chair, Social Sciences Department, St. Philip's College
John Hernandez, Associate Professor of Philosophy, Palo Alto College
James Stovall, Sociology Lead Instructor, Palo Alto College
Kara Paige, Sociology Lead Instructor, Northwest Vista College
Javier Aguirre, Chair, Social Sciences Department, Northeast Lakeview College
Amy Glenn, Chair, Social and Behavioral Sciences Department, Northeast Lakeview College
Stephanie Greiner, Chair, Behavioral Sciences Department, Northeast Lakeview College
Leanna Hale, Assistant Professor of Education, Northeast Lakeview College
Jeff Hassman, Assistant Professor of History, Northeast Lakeview College
Dollie Hudspeth, Chair, English Department, Northeast Lakeview College
Susan Kazen, Chair, Kinesiology Department, Northeast Lakeview College
Robert Yowell, Chair, Social & Behavioral Sciences Department, Northeast Lakeview College
Cuihua Zhang, Assistant Professor of Computer Science, Northeast Lakeview College
Additional witnesses to be discovered and/or named later.

8c. List any documentation that would support plaintiff's allegations and explain what the documents will prove:

Emails will prove that I requested reasonable disability accommodations, and that

defendant refused to provide reasonable accommodations and retaliated against me for requesting accommodation.
The negative tenure and promotion memos will prove that ACCD's adverse employment actions were pretextual.
Notice of contract non-renewal will prove adverse action (termination) by defendant against me.
Emails will prove that defendant harassed and retaliated against me.
Copies of relevant ACCD and NLC procedures and policies will prove that defendant did not follow its own policies, and subjected me to disparate treatment.
Advancement portfolios compiled by me and similarly situated colleagues will prove that ACCD subjected me to disparate treatment.
Additional evidence to be discovered.

9. The above acts or omissions set forth in paragraphs 7 and 8 are:
[ ] still being committed by defendant.
[ X ] no longer being committed by defendant.

10. Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission. This charge is submitted as a brief statement of the facts supporting this complaint.
I do not have immediate access to this document because I am in the process of moving my household and my copies of the document are packed in boxes. I will provide this document and amend this complaint as necessary as soon as my move is completed.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:
[ ] Defendant be directed to employ plaintiff.
[ ] Defendant be directed to re-employ plaintiff.
[ ] Defendant be directed to promote plaintiff.
[ X ] Defendant be directed to pay plaintiff compensatory and punitive damages
[X] Plaintiff be granted all remedies allowed under law.
[X] Jury trial.


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Date 9.27.2011

Signature of Plaintiff
Thomas F. Brown
1350 S. Braden Crescent
Norfolk, VA 23502
757-751-0892