IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS F. BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| ALAMO COMMUNITY COLLEGE DISTRICT ET. AL., | § | 5:11-cv-00807-FB-NSN |
| | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Linda Boyer-Owens, Bruce Leslie, Ed Contreras, Lori Manning, Argentina Wortham, Elizabeth Lewis, Patricia Villareal, Eric Reno, Cuihua Zhang, Laura Tull, Diane Beechinor, Patricia Herrmann (collectively referred to herein as "individual defendants") file this Rule 12(b)(6) Motion to Dismiss for failure to state a claim. The individual defendants move to completely dismiss Plaintiff's age, sex, and disability discrimination claim, as well as Plaintiff's retaliation claim, against them because Title VII of the Civil Rights Act of 1964 (Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA") do not create individual liability.

## I.
## NATURE AND STAGE OF THE PROCEEDING

This is an employment discrimination case in which Plaintiff, appearing *pro se*, alleges that Alamo Community College District ("ACCD") and the individual defendants unlawfully discriminated against him on the basis of his age, sex, alleged disability, and alleged protected activity in violation of Title VII, ADEA, and ADA. Because Plaintiff's claims are improperly

brought against the individual defendants, the individual defendants move for dismissal of Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal for a plaintiff's failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Under Rule 12(b)(6), a court may dismiss plaintiff's claim if plaintiff cannot prove any set of facts in support of his claim that entitles him to relief. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). The purpose of a 12(b)(6) motion is to test the legal sufficiency of a plaintiff's complaint and the court's inquiry, accepting the complaint's well-pleaded factual allegations as true, is limited to whether those pleadings set forth allegations sufficient to make out the elements of a right to relief. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).

A court will not require "heightened fact pleading of specifics;" however, a plaintiff must plead factual allegations sufficient to make his right to relief more than speculative in order to avoid dismissal for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not accept conclusory allegations and unwarranted deductions of fact to be true. *See id.* at 555-57.

## III.
## ARGUMENT

Title VII, the ADEA, and the ADA make it make it unlawful for an "employer" to discriminate on the basis of race, color, sex, religion, national origin, age, or disability against its employees. *See* 42 U.S.C. §2000e-2(a)(1); 29 U.S.C. § 623(a); 42 U.S.C. §12112. However, it is well-established that this language does not create liability for an employer's agents. *Grant v. Lone Star Co., B.*L., 21 F.3d 649, 652-53 (5th Cir. 1994) (interpreting congressional intent and

finding no individual liability under Title VII); *Birkbeck v. Fennessey*, 30 F.3d 507, 510-11 (4th Cir. 1994) (explaining that the "ADEA limited civil liability to the employer and . . . its representative, as an employee, was not a proper defendant in the action"); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (affirming the district court's summary judgment in favor of the individual defendant because the ADEA, like Title VII, "provides no basis for relief against supervisory personnel in their individual capacities"); *Washburn v. State of Texas*, No. A-07-CA-116-LY, 2008 U.S. Dist. LEXIS 3302, at *9 (W.D. Tex. Jan. 16, 2008) (dismissing ADA claims against members of management, declaring that the Act does not provide for individual liability).

In fact, courts have held that a plaintiff cannot sue both an employer and its agent under Title VII because the employer would already be vicariously liable for the acts of its employee-agents. *See Birkbeck,* 30 F.3d at 510; *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995).

Thus, a plaintiff may not maintain a Title VII, ADEA, or ADA claim against both the employer and its agents acting in their official capacity because this would effectively impose double liability for the corporation for the same act. *See Jenkins v. Bd. of Educ. of the Houston Indep. Sch. Dist.,* 937 F. Supp. 608, 612 (S.D. Tex. 1996) ("official capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

Plaintiff does not raise any specific and independent causes of action against the individual defendants named in his complaint. Plaintiff does not even contend that the individual defendants were his "employer." In fact, the individual defendants named by Plaintiff are all employees of ACCD, acting in their official capacities. Accordingly, Plaintiff's Title VII, ADEA, and ADA claim against the individual defendants should be dismissed with prejudice.

*See McKay v. Dallas Indep. Sch. Dist.*, 2007 U.S. Dist. LEXIS 65836, at *12 (N.D. Tex. Sept. 6, 2007) (granting the individual defendants' motion to dismiss because the individual defendants were acting in their official capacities and Plaintiff's claims against the individuals were nothing more than claims against the school district); *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 473 (N.D. Tex. 2003) (granting individual defendants' motion to dismiss, stating plaintiff was precluded from bringing an ADA action, in either an individual or representative capacity, against three employees of the organization).

For the foregoing reasons, Defendants respectfully request that the Court issue an Order dismissing the individual defendants from the case.

Dated February 7, 2012                               Respectfully submitted,


                                                     */s/ Victoria M. Phipps*
                                                     **Victoria M. Phipps (Attorney-in-Charge)**
                                                     State Bar No. 15964500
                                                     Federal I.D. 16327
                                                     **Nehal Shah**
                                                     State Bar No. 24070600
                                                     Federal I.D. 1061200
                                                     LITTLER MENDELSON, P.C.
                                                     1301 McKinney Street
                                                     Suite 1900
                                                     Houston, Texas 77010
                                                     (713) 951-9400 (Telephone)
                                                     (713) 951-9212 (Telecopier)

                                                     **ATTORNEYS FOR DEFENDANTS**

5.

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing instrument was forwarded to Thomas Brown, *Pro Se, via certified mail, return receipt requested,* on this the 7th day of February 2012.

Thomas F. Brown, *Pro Se*
1350 S. Braden Crescent
Norfolk, Virginia  23502

SENT VIA CM/RRR#  7010 1670 0000 7624 6704

                                         */s/ Victoria M. Phipps*
                                         **Victoria M. Phipps**

Firmwide:109058008.1 065284.1002