IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Thomas Brown

v.

Alamo Community College District et al.

CIVIL ACTION NO.
5:11-CV- 00807-FB-NSN

DATE: February 17, 2012

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANTS**

Plaintiff asks the court to reject defendants' motion to dismiss individual defendants, based on plaintiff's complaint under the common law tort cause of action. Plaintiff's complaint alleges harassment by the defendants against the plaintiff. According to 46 Restatement of Torts (Second) [1977]:

> "One who by extreme or outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

Common law actions have served as precedent for courts finding the existence of claims for harassment (Dan B. Dobbs, *The Law of Torts* § 303, at 825-826 (2000)

1 | Page

("Almost all courts recognize the tort and apply these basic rules."); W. Page Keeton et al., Prosser and Keeton on The Law of Torts, p. 60 (1984); *Kroger*, 920 S.W.2d at 65; Skousen v. Nidy, 367 P.2d 248 (Ariz. 1961); Alcorn v. Anbro Eng'g, Inc., 468 P.2d 216 (Cal. 1970); Greenwood v. Delphi Auto. Sys., 257 F. Supp. 2d 1047, 1072 (S.D. Ohio 2003); Jackson v. Blue Dolphin Communications of N.C., L.L.C., 226 F. Supp. 2d 785, 793–94 (W.D.N.C. 2002); *Kroger*, 920 S.W.2d at 67; LaBrier v. Anheuser Ford, Inc., 612 S.W.2d 790, 793 (Mo. Ct. App. 1981); Hatfill v. Mukasey, #03-cv-1793, 2008 U.S. Dist. Lexis 17756 (D.D.C.); #08-5049, 2008 U.S. App. Lexis 5755 & 6242 (D.C. Cir.); James L. Bleeke, Note, *Intentional Infliction of Emotional Distress in the Employment At Will Setting: Limiting the Employer's Manner of Discharge*, 60 IND. L.J. 365, 366–67 (1985) ("The action, as defined in the 1965 *Restatement (Second) of Torts* has been adopted in most jurisdictions . . . .")).

Most significantly, the tort cause of action does allow for individual liability.

Furthermore, the Restatement makes it clear that one who intentionally causes a third person not to perform a contract or enter into a prospective contract by giving advice acts non-tortiously only if the advice is truthful and honest (Restatement (Second) of Torts §772). Plaintiff has evidence and expects to discover further evidence to show at trial that individual defendants intentionally provided outrageously dishonest and non-truthful advice or otherwise improperly interfered with plaintiff's contractual relationships with his employer. This too falls under the common law conception of tortious interference with employment.

In a separate motion, plaintiff will ask court's leave to amend the complaint to specifically state the tort cause of action, given that the *pro se* complaint form's checklist of jurisdictions does not include a tort cause.

Plaintiff will present evidence—including medical records and testimony by plaintiff's doctor—and show at trial that defendants intentionally and/or recklessly engaged in extreme and outrageous conduct that caused plaintiff to require medical treatment for distress caused by individual defendants. Plaintiff will show at trial that individual defendants' outrageous behavior was not a part of their job duties, and thus presents a cause for action that is distinct from plaintiff's complaints regarding discrimination in employment.

Given that there is little question that intentional or reckless infliction of distress by means of harassment presents a common law tort cause of action that allows for individual liability, plaintiff asks the court to deny the motion to dismiss plaintiff's case against the individual defendants.

Respectfully submitted,

Thomas Brown, *Pro Se*
1350 S. Braden Crescent
Norfolk, VA 23502
757-751-0892

Served on defendants' attorney via CM/ECF on February 17, 2012.

## ORDER REFUSING DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

The Court, having considered Defendants Linda Boyer-Owens, Bruce Leslie, Ed Contreras, Lori Manning, Argentina Wortham, Elizabeth Lewis, Patricia Villareal, Eric Reno, Cuihua Zhang, Laura Tull, Diane Beechinor, and Patricia Herrmann's Rule 12(b)(6) Motion to Dismiss, is of the opinion that such motion has NO merit and should NOT be granted.

SIGNED this _____ day of _____ 2012

_____

UNITED STATES DISTRICT JUDGE