UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS F. BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-11-CA-807-FB |
| ALAMO COMMUNITY COLLEGE | § | |
| DISTRICT, ET AL., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the Rule 12(b)(6) Motion to Dismiss (Docket Entry 8), filed by Defendants Linda Boyer-Owens, Bruce Leslie, Ed Contreras, Lori Manning, Argentina Wortham, Elizabeth Lewis, Patricia Villareal, Eric Reno, Cuihua Zhang, Laura Tull, Diane Beechinor, and Patricia Herrmann (collectively referred to as the "Individual Defendants"). The Motion seeks to dismiss *pro se* Plaintiff Thomas F. Brown's Original Complaint (Docket Entry 1). Also pending before the Court is Plaintiff's "Rule 15, A2 Motion to Amend Complaint" (Docket Entry 23), and the Individual Defendants' Response (Docket Entry 26).

Plaintiff's Motion to Amend is **GRANTED.** In the title of his motion, Plaintiff refers to Federal Rule of Civil Procedure 15(a)(2), which allows amendments of pleadings with the consent of the opposing parties, or with leave of court. However, in this case, Plaintiff's right to amend is controlled by Federal Rule of Civil Procedure Rule 15(a)(1). Under Rule 15(a)(1)(B), a party may amend its pleading once as a matter of course if they do so within 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1)(B). Here, Plaintiff filed his Original Complaint on September 28,

2011, and the Individual Defendants filed a Rule 12(b)(6) Motion to Dismiss, and an Original Answer, on February 7, 2012. (Docket Entry Nos. 8-9). Plaintiff filed his Motion to Amend Complaint on February 21, 2012, along with his response to Defendants' Motion to Dismiss. (Docket Entry Nos. 23, 25). Because he filed within 21 days of service of Defendant's Rule 12(b)(6) Motion to Dismiss, Plaintiff had a right to amend his complaint as a matter of course. The Individual Defendants ask the Court to deny Plaintiff's Motion to Amend "on the basis that all of the proposed amendments are brought in bad faith and/or futile, and therefore may not serve as the basis for Plaintiff's Motion for Leave to Amend." (Docket Entry 26, at 6-7). Since Plaintiff had a right to amend as a matter of course, the Individual Defendants' request is overruled.

Because the Amended Complaint attached to Plaintiff's Motion to Amend (Docket Entry 23-1) is now the live complaint in this case, the Individual Defendants' Motion to Dismiss (Docket Entry 8) is **DENIED AS MOOT.** Should the Individual Defendants wish to file a motion to dismiss Plaintiff's Amended Complaint, they must do so by **July 20, 2012.**

It is so ORDERED.

SIGNED this 22nd day of June, 2012.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE