IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-11-CA-0807-FB |
| | § | |
| ALAMO COMMUNITY COLLEGE | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING IN PART THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of the United States Magistrate

Judge filed in the above styled and numbered cause on September 26, 2012 (docket #38), Plaintiff's

Opposed Motion for Leave to File an Objection to the Magistrate Judge's Report and Recommendation,

or in the Alternative, Motion to File a Second Amended Complaint filed October 26, 2012 (docket #40),

and Defendant's Response to Plaintiff's Motion for Leave to File an Objection to the Magistrate Judge's

Report and Recommendation and Plaintiff's Alternative Motion for Leave to File a Second Amended

Complaint filed November 2, 2012 (docket #41).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court

need not conduct a de novo review of them.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall

make a de novo determination of those portions of the report or specified proposed findings and

recommendations to which objection is made.").  In such cases, the Court need only review the Report

and Recommendation and determine whether they are either clearly erroneous or contrary to law.

United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Bemporad recommends the Defendant's Motion to Dismiss be granted such that plaintiff's causes of action for tortious interference with contract, defamation, intentional infliction of emotional distress, violations of the First and Thirteenth Amendments, and violation of the Privacy Act of 1974 be dismissed with prejudice, and plaintiff's cause of action for violation of the Fourteenth Amendment should be dismissed without prejudice.  In addition, Magistrate Judge Bemporad recommends plaintiff be given fourteen days from the date of this Court's order to amend his complaint by pleading a sufficiently specific claim against defendant under that Amendment. Defendant did not seek to dismiss plaintiff's claims under Title VII, ADA, and ADEA.

In response, plaintiff filed an opposed motion for leave to file an objection to the Report and Recommendation, or in the alternative to file a second amended complaint.  Plaintiff states his deadline to object to the Report and Recommendation was October 10, 2012, but subsequent to that date, plaintiff retained counsel to represent him in this matter.  Therefore, plaintiff requests he be granted leave to file objections to the Report and Recommendation out of time wherein he will only object to the recommendation that his First Amendment claims be dismissed with prejudice.  In the alternative, plaintiff seeks leave to amend his complaint to state a sufficient First Amendment claim as recommended he do with respect to his Fourteenth Amendment claim.

In response to plaintiff's motion for leave or alternative motion to file a second amended complaint, defendant Alamo Community College District contends that because plaintiff failed to

attribute his opposition to discrimination of students and facility to his First Amendment rights and failed to recite any elements or facts supporting the elements of his claim for First Amendment violations, defendant did not have fair notice of claim against it.  Although plaintiff now alleges for the first time he was a public employee speaking as a citizen on a matter of public concern, this claim was not apparent from the face of Plaintiff's First Amended Complaint.  Plaintiff's failure to explain the basis for his First Amendment claims in accordance with federal pleading standards and his failure to respond to defendant's re-urged motion to dismiss make Magistrate Judge Bemporad's recommendations proper.

With respect to plaintiff's alternative request to amend his complaint, defendant concedes plaintiff "checked the box" for a First Amendment claim in his First Amended Complaint but defendant was given no notice of the basis of the claim and consequently was unable to conduct discovery regarding the claim.  Defendant maintains allowing the plaintiff to amend at this time would be unfairly prejudicial "because it would be forced to serve additional written discovery requests and re-notice Plaintiff's deposition." Defendant's Response, docket #41 at page 5.  Despite the fact plaintiff was until recently proceeding *pro se*, defendant contends plaintiff chose to pursue his case in that manner for almost a year and therefore, it would be "unfair and prejudicial to Defendant if a *pro se* plaintiff could effectively restart a lawsuit after he or she retained an attorney." Defendant's Response, docket 3 41 at pages 5-6.   Defendant asks the Court to deny plaintiff's motion for leave to file a second amended complaint, but if one is allowed, defendant seeks leave to re-open plaintiff's deposition.

In reply to defendant's response, plaintiff notes that although the defendant admits plaintiff's first amended complaint included a statement plaintiff opposed discrimination of students and faculty while indicating he was bringing a claim under the First Amendment, defendant is asking plaintiff to comply with the heightened pleading requirement of rule 9 in order to bring a claim under the First

Amendment.  Plaintiff states he is unaware of any case law requiring such a heightened pleading standard nor has defendant provided any authority to the contrary.  Plaintiff contends he "clearly marked that he was bringing a claim under the First Amendment and plead facts that support a First Amendment claim."    Plaintiff's Reply, docket #42 at page 3.  Plaintiff believes he provided a short and plain statement sufficient to provide notice and at the very least, a liberal construction of his then pro se pleading provided defendant with "fair notice of the claim."  Id.  However, if the Court does not agree with plaintiff's conclusion, plaintiff simply asks he be provided the opportunity to amend his complaint to sufficiently plead his claim.  Because Magistrate Judge Bemporad has recommended plaintiff be allowed to replead his Fourteenth Amendment claim, plaintiff contends defendant will not be unduly prejudiced or the case delayed by allowing plaintiff to replead his First Amendment claim as well.  In addition, plaintiff states he does not oppose being redeposed by the defendant on his First Amendment claim.

Plaintiff has sought leave to file his objections to the Report and Recommendation as he missed his deadline to file his objections, but subsequent to that date, plaintiff has retained counsel to represent him in this case.  Although defendant's response indicates opposition, defendant states no reason why the Court should deny plaintiff's request to file his objections late.  Therefore, the Court will allow the late filing this one time.  Accordingly, IT IS HEREBY ORDERED that Plaintiff's Opposed Motion for Leave to File an Objection to the Magistrate Judge's Report and Recommendation (docket #40) is GRANTED such that the Clerk shall file Plaintiff's Objection to the Magistrate Judge's Report and Recommendation attached to the motion, and the Court will consider the objections with respect to the Report and Recommendation issued by Magistrate Judge Bemporad.

As previously noted, Magistrate Judge Bemporad recommends that Defendant's Motion to Dismiss be granted such that plaintiff's causes of action for tortious interference with contract,

defamation, intentional infliction of emotional distress, violations of the First and Thirteenth Amendments and violation of the Privacy Act of 1974 should be DISMISSED WITH PREJUDICE, and plaintiff's cause of action for violation of the Fourteenth Amendment should be DISMISSED WITHOUT PREJUDICE.  The recommendation is also made that plaintiff be given fourteen days from the date this Court rules on the Recommendation to file an amended complaint sufficiently pleading a specific claim against the defendant under that Amendment.  Plaintiff's only objection focuses on his belief that he has also stated a claim under the First Amendment or in the alternative, be allowed to replead his First Amendment claim along with his Fourteenth Amendment claim.  The Court finds merit in plaintiff's alternative request.

Therefore, the Court has reviewed the plaintiff's objection to the Report and Recommendation, has conducted a de novo review of the Report and Recommendation and finds plaintiff's alternative request that he be allowed to amend his complaint to replead his First Amendment claim along with his Fourteenth Amendment claim should be granted.  Accordingly, the Court hereby accepts, approves, and adopts in part the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation (docket #38) with the only modification being that plaintiff's First Amendment claim will not be dismissed with prejudice at this time.  The Report and Recommendation shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Re-Urged Rule 12(b)(6) Motion to Dismiss (docket #33) should be GRANTED such that plaintiff's causes of action for tortious interference with contract, defamation, intentional infliction of emotional distress, violations of the Thirteen Amendment, and violation of the Privacy Act of 1974 are DISMISSED WITH PREJUDICE.  Plaintiff's causes of action for violations of the First and Fourteenth Amendments should be DISMISSED WITHOUT PREJUDICE with plaintiff being given fourteen days from the date hereof to file an amended complaint pleading sufficiently specific claims against the defendant under those Amendments.

Accordingly, it is hereby ORDERED that the Report and Recommendation of the United States Magistrate Judge, filed in this case on September 26, 2012 (docket #38), is ACCEPTED IN PART such that Defendants' Re-Urged Rule 12(b)(6) Motion to Dismiss (docket #33) is GRANTED such that plaintiff's causes of action for tortious interference with contract, defamation, intentional infliction of emotional distress, violations of the Thirteen Amendment, and violation of the Privacy Act of 1974 are DISMISSED WITH PREJUDICE. Plaintiff's causes of action for violations of the First and Fourteenth Amendments are DISMISSED WITHOUT PREJUDICE. Plaintiff shall have fourteen days from the date hereof to file an amended complaint pleading sufficiently specific claims against the defendant under those Amendments. If no amended complaint is filed within this time period, the case shall be DISMISSED.

It is so ORDERED.

SIGNED this 8th day of March, 2013.

_____

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE