IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THOMAS F. BROWN,<br>      Plaintiff, | §<br>§<br>§ |
| VS. | §    CIVIL ACTION NO. 5:11-cv-807-FB-HJB |
| | § |
| ALAMO COMMUNITY COLLEGE<br>DISTRICT and TRUSTEES,<br>      Defendant. | §<br>§<br>§ |

### PLAINTIFF'S SECOND AMENDED COMPLAINT

Now Comes, Plaintiff Thomas Brown and files this, his *Second Amended Complaint*, and would respectfully show the Court as follows:

### I.   BACKGROUND

1.    Plaintiff, Dr. Thomas Brown, is disabled individual who requires the use of a wheelchair and wheelchair accessible facilities. Plaintiff was an instructor at Defendant Alamo Community College District's (ACCD) Northeast Lakeview College campus from August 2006 to June 2011.

2.    During this time, ACCD discriminated and retaliated against Plaintiff because of his disability, his age, his stated opposition to Defendant's refusal to provide accommodations required by the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et. seq.*, his stated opposition to Defendant's discrimination of disabled students and faculty, his stated opposition to Defendant's discrimination of female students, and his complaints of discrimination against him personally.

3.    The discrimination and/or retaliation Plaintiff was subject to included harassment, non-renewal of his employment contract, being denied promotion, and being denied tenure. Prior to ACCD denying Plaintiff promotion and tenure, and non-renewing his contract, Plaintiff had constantly received positive evaluations.

1

4. Plaintiff was harassed by, *inter alia*, being subject to disparate treatment and selective enforcement of Defendant's policies, and being denied reasonable requests for accommodations due to his disability (specifically, he was denied wheel chair accessible teaching facilities, he was denied assistance moving necessary equipment, ACCD turned the elevators off at points, and Plaintiff was required to engage in physically strenuous activity not related to his job without making any accommodations for his disability).

5. On July 30, 2010, Plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC) charging Defendant with claims of discrimination and retaliation. Plaintiff received a right to sue letter on July 5, 2011.

6. On June 22, 2012, Plaintiff was granted leave to file his *First Amended Complaint* (Docs. 31, 32) and on July 6, 2012, Defendant filed its *Reurged Rule 12(b)(6) Motion to Dismiss*. (Doc. 33). On March 8, 2013, the Court dismissed Plaintiff's state law causes of action and his claims under the Thirteenth Amendment and the Privacy act of 1974. (Doc. 49 at 6). However, the Court has allowed Plaintiff to file an amended complaint sufficiently pleading claims under the First and Fourteenth Amendment. *Id.* Accordingly, Plaintiff files this, his *Second Amended Complaint*.

## II. CAUSES OF ACTION

7. *Alternative Pleadings*. To the extent necessary, each of the claims set forth below is pleaded in the alternative.

### A. Plaintiff's Title VII Claim

10. As set forth *supra*, Plaintiff was discriminated against and subjected to disparate treatment in violation of Title VII of the Civil Rights Act of 1964 on the basis of his disability and age. In addition, Plaintiff was subject to retaliation based on his prior opposition to practices deemed unlawful under Title VII and his participation in prior Title VII proceedings.

2

Specifically, Plaintiff was subject to harassment, disparate treatment, and adverse employment actions in the form of non-renewal of his employment contract, being denied promotion, and being denied tenure.

11. At all times relevant hereto, Plaintiff was a member of a protected class, qualified for the position he held, qualified for promotion and tenure, and treated less favorably than others outside of his protected class.

12. Plaintiff has been damaged by these actions and therefore seeks redress in an amount to be determined by the trier of fact.

13. All administrative prerequisites have been fulfilled prior to the filing of this lawsuit, and Plaintiff has presented this action in a timely manner.

B. **Plaintiff's Americans with Disabilities Act (ADA) claim**

14. As set forth above, Defendant discriminated against Plaintiff on the basis of his disability and failed to provide numerous accommodations required pursuant to the ADA. Moreover, Defendant retaliated against Plaintiff for opposing practices made unlawful under the ADA by subjecting him to harassment, disparate treatment, and adverse employment actions in the form of non-renewal of his employment contract, being denied promotion, and being denied tenure.

15. Defendant denied Plaintiff's reasonable requests for accommodations due to his disability, including but not limited to, denying him wheel chair accessible teaching facilities that would allow Plaintiff to effectively carry out his duties as an instructor and denying assistance moving necessary equipment. In addition, ACCD turned the elevators off at points despite requests not to do so, required Plaintiff to engage in physically strenuous activity not related to his job without making any accommodations for his disability, and failed to provide, *inter alia*, accessible shuttle services and an accessible track.

### C. Plaintiff's Age Discrimination in Employment Act (ADEA) claim

16. In violation of the ADEA, Plaintiff was subject to harassment, disparate treatment, and adverse employment actions in the form of non-renewal of his employment contract, being denied promotion, and being denied tenure on the basis of his age.

17. Plaintiff has been damaged by these actions and therefore seeks redress in an amount to be determined by the trier of fact.

18. All administrative prerequisites have been fulfilled prior to the filing of this lawsuit, and Plaintiff has presented this action in a timely manner.

### D. 42 U.S.C. § 1983

8. At all times relevant hereto, Defendant ACCD was/is a political subdivision of the State of Texas.

9. Accordingly, pursuant to 42 U.S.C. § 1983, Plaintiff seeks redress for the following violations of his rights, privileges, or immunities secured by the Constitution and laws' of the United States.

#### i. Plaintiff's First Amendment Claim

19. As set forth *supra*, Plaintiff was an employee of ACCD and as a public employee he spoke on matters of public concern. Specifically, Plaintiff: 1) stated his opposition to Defendant's refusal to provide accommodations required by the Americans with Disabilities Act (ADA); 2) stated his opposition to Defendant's discrimination of disabled students and faculty; and 3) stated his opposition to Defendant's discrimination of female students. Raising concerns regarding the college's failure to provide accommodations required by the ADA and discrimination of students and faculty are matters of public concern, and fall well outside the course and scope of Plaintiff's employment as a professor.

4

20. Plaintiff had a First Amendment right to speak on these matters and was retaliated against for doing so. Specifically, Plaintiff was harassed, his employment was non-renewed, he was denied promotion, and he was denied tenure because he regularly spoke on the matters set forth above.

21. As a result to these actions, Plaintiff has been damaged and seeks redress for the abrogation of his rights to the exercise of free speech.

### ii. Plaintiff's Substantive Due Process Claim

22. Plaintiff is a disabled individual and protected from discrimination based on his disability under Federal and Texas state law. In addition, while in employed with ACCD, Plaintiff engaged in protected speech, as set forth *supra*.

23. Pursuant to the Fourteenth Amendment, Plaintiff has a liberty interest to not be discriminated based on his disability, nor to be discriminated against based on his protected speech.

24. However, as set forth herein, Defendant arbitrarily and capriciously discriminated and/or retaliated against Plaintiff, by non-renewing his employment, denying him a promotion, and denying him tenure, all based on his disability and/or for engaging in protected free speech.

25. Because Defendant arbitrarily and capriciously violated Plaintiff's liberty interest in these fundamental rights, Plaintiff has been damaged and therefore seeks redress in an amount to be determined by the trier of fact.

### III. REQUESTED RELIEF

26. As to claims for violations of the United States Constitution and federal statutes, Plaintiff seeks recovery of the full measure of relief and damages against Defendant, including but not limited to compensatory damages and/or nominal damages (including mental anguish and emotional distress damages), consequential and incidental damages, and any and all other

equitable, injunctive, and compensatory relief which may be available under law and/or in equity.

### IV.     ATTORNEYS' FEES, COSTS AND INTEREST

27.     Due to the conduct of Defendant as described herein, it became necessary for Plaintiff to retain legal counsel to assist him in prosecuting his rights under the law. Plaintiff seeks a recovery of his reasonable and necessary attorneys' fees, costs incurred, and pre- and post-judgment interest as permitted by law, in equity and/or pursuant to 42 U.S.C. § 1988 and 42 U.S.C.A. § 12205.

### V.     JURY DEMAND

28.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests trial by jury.

### **Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, Plaintiff recover judgment against Defendant and be awarded:

(1)     any and all amounts recoverable and/or recognizable as damages under law and/or in equity, resulting and/or occasioned by the wrongful acts and/or conduct of Defendant;

(2)     his litigation expenses and costs, including but not limited to his reasonable and necessary attorneys' fees and costs;

(3)     pre- and post-judgment interest at the maximum rate permitted by law;

(4)     costs of court; and

(5)     such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully Submitted,

/s/ Matthew Walton
Frank Hill - State Bar No. 09632000
Matthew Walton – State Bar No. 24075242

HILL GILSTRAP, P.C.
1400 W. Abram Street
Arlington, Texas  76012
Telephone:   817-261-2222
Facsimile:    817-861-4685

ATTORNEYS FOR PLAINTIFF

### Certificate of Service

This is to certify that a true and correct copy of the response has been sent by fax and cm/ecf on this 22nd day of March 2013 to:

Nehal Shah and
Victoria M. Phipps
Littler Mendelson, PC
1301 McKinney St.
Ste. 1900
Houston, TX 77010

/s/ Matthew Walton
Matthew Walton

7